

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

---

No. 02-25-00338-CR

---

LANCELOT ZARIE DAWKINS, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 213th District Court
Tarrant County, Texas
Trial Court No. 1847463

---

Before Sudderth, C.J.; Kerr and Birdwell, JJ.
Memorandum Opinion by Chief Justice Sudderth

# MEMORANDUM OPINION

Pro se Appellant Lancelot Zarie Dawkins attempts to appeal his conviction, but he filed his notice of appeal nine months too late. The notice was due within thirty days of Dawkins's November 2024 sentencing, i.e., in December 2024, *see* Tex. R. App. P. 26.2(a)(1), but it was not filed until September 2025.

Because "[o]ur appellate jurisdiction is triggered through a timely notice of appeal," *Reaves v. State*, No. 02-21-00092-CR, 2021 WL 3679248, at *1 (Tex. App.—Fort Worth Aug. 19, 2021, no pet.) (per curiam) (mem. op., not designated for publication), we sent Dawkins a letter expressing our concern that we lacked jurisdiction over his appeal. We warned him that we could dismiss his appeal unless he showed grounds for continuing it. Dawkins responded by alleging that the trial court proceedings were tainted with inaccuracies, which he characterized as "Fraud Upon the Court."[1] But such allegations do not change the deadline for Dawkins's notice of appeal, so they do nothing to remedy the dispositive jurisdictional flaw. *Cf. id.* at *1 n.2 (dismissing untimely appeal despite defendant's allegations of insufficient evidence, unfairness, and ineffective assistance).

---

[1]Dawkins entered into a plea bargain with the State, and the trial court signed a certification confirming that "the defendant has waived the right of appeal" and that this "is a plea[ ]bargain case, and the defendant has NO right of appeal." *See* Tex. R. App. P. 25.2(a)(2), (d). Because criminal appeals "must be dismissed if a certification that shows the defendant has the right of appeal has not been made part of the record," Tex. R. App. P. 25.2(d), we would dismiss Dawkins's appeal even if his notice of appeal had been timely.

Accordingly, we dismiss Dawkins's appeal for want of jurisdiction. *See* Tex. R. App. P. 43.2(f); *Reaves*, 2021 WL 3679248, at *1 (dismissing untimely appeal for want of jurisdiction).

/s/ Bonnie Sudderth

Bonnie Sudderth
Chief Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: October 23, 2025